
FILED
FEB 16 2011
CLERK
United States Bankruptcy Court
San Jose, California

Michael R. Berube, Pro Se
P.O. Box 356
Carmel Valley, CA 93924
michaelberube@yahoo.com

Tel. (831) 392-7975

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| In re: | Case No.: 09-54715-ASW-11 |
|---|---|
| MICHAEL R. BERUBE, | Adversary No.: |
| Debtor. | (Chapter 11) |
| | **COMPLAINT TO DETERMINE VALIDITY OF LIEN** |
| MICHAEL R. BERUBE, | |
| Plaintiff, | |
| v. | |
| US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR JPM ALT 2007-A2, | |
| Defendant. | |

### ADVERSARY COMPLAINT

Comes now Debtor in Possession and Plaintiff Michael R. Berube (hereafter "Plaintiff"), for claims against US Bank, National Association, as Trustee for JPM ALT 2007-A2 (hereafter "Defendant").

COMPLAINT TO DETERMINE VALIDITY OF LIEN                                        1

## JURISDICTION AND VENUE

This is a core proceeding over which this Court has juridiction pursuant to 28 U.S.C. Sections 157(a)(b)(1), (b)(2)(K), 1334(b), 1367 and 11 U.S.C. 362(a)(4)(5). This is an adversary proceeding ("Complaint") pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

Venue is proper in the United States Bankruptcy Court, Northern District of California, San Jose Division. Plaintiff is Debtor in Possession in a pending case in the within Court. The residential real property to which the disputed lien pertains is located at 122 Carmel Riviera Drive, Carmel, California (hereafter "Property") within this Judicial Division. Defendant has branch offices in Salinas, California and elsewhere within this Judicial Division.

Defendant is a purported subsequent assignee owner of a deed of trust encumbering the Property which is a part of the Debtor in Possession's estate in the above entitled case. Copies of the original Adjustable Rate Loan (hereafter "Note") and Deed of Trust are attached hereto respectively as Exhibits 1a and 1b and are incorporated by this reference. Copies of Assignments of Deed of Trust are attached hereto as Exhibit 1c and are incorporated by this reference. A copy of the Notice of Filing in the Alliance Bancorp case is attached as Exhibit 2 and is incorporated by this reference. The assessor's parcel number and a legal description of the Property is attached hereto as Exhibit 3 and is incorporated by this reference.

Defendant purports to be the subsequent owner and holder of said deed of trust by way of subsequent assignments. Plaintiff here disputes that contention. This is an adversary proceeding to determine the validity of the purported lien of Defendant US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR JPM ALT 2007 A-2.

## GENERAL ALLEGATIONS

On January 19, 2007 Plaintiff executed a promissory note and security interest in the form of a deed of trust in the amount of $1,000,000. Said deed of trust was identified as document number 2007006824 filed with the Office of the County Recorder for Monterey

County, California on January 25, 2007. Said deed of trust was originally granted as part of a loan transaction between Plaintiff and Alliance Bancorp, now itself a Chapter 7 debtor in Case #07-10942-CSS in the U.S. Bankruptcy Court District of Delaware. The loan number identified on the Note is 99409. The lender/payee originally identified on the Note is Alliance Bancorp. Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as payee on said note, but is named as acting solely as "nominee" for lender as the beneficiary of the security interest Deed of Trust. The trustee under said deed of trust was Alliance Title. The sequence of recorded documents and events is as follows:

1. On January 19, 2007 Debtor executed a Promissory Note in the principal amount of $1,000,000 in favor of Lender Alliance Bancorp along with a Deed of Trust which was recorded at the Office of the Recorder of the County of Monterey as Document: 2007006824 on January 25, 2007.

2. On January 19, 2007 Debtor executed a Promissory Note in the principal amount of $250,000 in favor of Lender Alliance Bancorp along with a Deed of Trust which was recorded at the Office of the Recorder of the County of Monterey as Document: 2007006825 on January 25, 2007.

3. On July 13, 2007 Lender Alliance Bancorp filed a Chapter 7 Bankruptcy petition and was assigned Case #07-10942-CSS in the U.S. Bankruptcy Court District of Delaware.

4. On October 24, 2007 First American Title Insurance Company as Attorney-In-Fact for First American Loanstar Trustee Services as Agent for the Current Beneficiary executed a Notice of Default which was recorded at the Office of the Recorder of the County of Monterey as Document: 2007081596 on October 25, 2007. Said Notice of Default is not valid as it was not authorized by the Alliance Bancorp Chapter 7

bankruptcy Court as would be required prior to "selling-out" any Alliance Bancorp interest in its junior lien 2nd Deed of Trust.

5. On December 19, 2007 First American Loanstar Trustee Services caused a Substitution of Trustee to be recorded at the Office of the Recorder of the County of Monterey as Document: 2007093819. Said document was purportedly executed on October 22, 2007 by Chet Sconyers, Certifying Officer of Mortgage Electronic Registration Systems, Inc.

6. On December 28, 2007, First American Loanstar Trustee Services caused an Assignment of the subject Deed of Trust to be recorded at the Office of the Recorder of the County of Monterey as Document: 2007095756 Said assignment appears to have been "back-dated" to reflect an effective date of 10/23/2007 yet the signature of Robert Bourne, Certifying Officer of Mortgage Electronic Registration Systems, Inc. was not notarized until 12-3-07, a date prior to the recordation of the Substitution of Trustee and more importantly *after* the Alliance Bancorp Chapter 7 bankruptcy petition filed in Delaware on July 13, 2007. Mortgage Electronic Registration Systems, Inc. had no authorization from the Alliance Bancorp bankruptcy Court to tranfer or otherwise divest estate property without Court approval.

7. On December 31, 2007, First American Loanstar Trustee Services caused a second Assignment of the subject Deed of Trust to be recorded in the Office of the Recorder of the County of Monterey as Document: 2007096186. Said assignment appears to have been "back-dated" to reflect an effective date of 10/23/2007 yet the signature of Chet Sconyers, Certifying Officer of Mortgage Electronic Registration Systems, Inc. was not notarized until DEC 20 2007, a date well after the Alliance Bancorp Chapter 7 bankruptcy petition filed July 13, 2007. Mortgage Electronic

COMPLAINT TO DETERMINE VALIDITY OF LIEN 4

Registration Systems, Inc. had no authorization from the Alliance Bancorp bankruptcy Court to transfer or otherwise divest estate property without first obtaining that Court's approval.

8. On 4/22/2008, First American Title Insurance Company caused a Notice of Trustee's Sale to be recorded in the Office of the Recorder of the County of Monterey as Document: 2008025034. Said notice is no more valid than the underlying Notice of Default for lack of notice on, or any approval from the Alliance Bancorp Chapter 7 bankruptcy Court.

9. On 11/17/2008, a Substitution of Trustee prepared by GMAC Mortgage, LLC was recorded in the Office of the Recorder of the County of Monterey as Document: 2008074891. Said document was executed by Vickie Day, Assistant Secretary of Mortgage Electronic Registration Systems, Inc., the purported "present Beneficiary under the Deed of Trust" MERS is not a true beneficiary and acts "solely as nominee". MERS loans no money and collects no payments, nor does it hold any promissory notes.

10. On 11/17/2008, caused a Full Reconveyance to be recorded in the Office of the Recorder of the County of Monterey as Document: 2008074892. Said document, if valid, would have the effect of extinguishing any interest that might be held by held by the Alliance Bancorp Chapter 7 bankruptcy estate. No record assignment to GMAC Mortgage, LLC, or to any other party exists within those records maintained by the Office of the Recorder of the County of Monterey. Except for this "wild" reconveyance recorded at the request of a total stranger to the transaction, the Alliance Bancorp Chapter 7 bankruptcy estate would continue to hold an interest in the junior lien 2nd Deed of Trust.

Case 11-05054    Doc# 1    Filed: 02/16/11    Entered: 02/16/11 16:32:49    Page 5 of 7

**11. On 4/06/2009, First American Title Insurance Company and First American Loanstar Trustee Services caused a Notice of Trustee's Sale to be recorded at the Office of the Recorder of the County of Monterey as Document: 2009020304. Again, said notice is no more valid than the underlying Notice of Default for lack of notice on, or any approval from the Alliance Bancorp Chapter 7 bankruptcy Court.**

Plaintiff alleges that Defendant is not in any valid chain of title with regard to said lien and holds no valid lien as to the Property. Defendant US Bank is not a party to any underlying promissory note per any recorded document or allonge purporting to assign an interest. Defendant can not be a holder in due course. The applicable Pooling and Servicing Agreement (hereafter "PSA") relative to the securitized trust for which Defendant purports to be the trustee sets forth a particular method and sequence for funding the trust and those requirements have not been followed in a way that could support the purported lien on the Property as being property of that trust estate. Defendant can not be a holder in due course of the underlying promissory note because the necessary endorsements required by the applicable PSA were not made.

At the time of the purported assignments from originating lender Alliance Bancorp, said originating lender was itself a Chapter 7 debtor in the Delaware case referenced above. Plaintiff is informed and believes that at all times of said purported assignments, no authorization or permission was received from the Alliance Bancorp bankruptcy Court so as to permit the divesting of its estate property and that any such assignment is void. There is no underlying obligation in favor of Defendant which can support the subject lien. Defendant US Bank does not appear in any of the assignment documents or allonge relative to the Note underlying the subject lien.

The securitized trust under which Defendant purports to hold title or act for its beneficiaries was not timely funded with a note and/or security interest by the explicit terms of the trust (i.e. before the Cut-Off Date for trust funding) and the trust for which Defendant purports to act as trustee has no interest in the subject Property.

///

COMPLAINT TO DETERMINE VALIDITY OF LIEN 6

## CLAIM I – DECLARATORY RELIEF

An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties, in that Plaintiff +contends that Defendant did not and does not have the right to pursue a claim under the Note and Deed of Trust as to the Property because Defendant's security interest in the Property is void.

The Defendant's purported lien has no validity because Defendant has no right, title or interest in the subject promissory note and/or deed of trust, nor does Defendant have agency authority from one with right, title or interest in said Deed of Trust.

Plaintiff respectfully requests the Court determine the rights as between Plaintiff and Defendant and declare that the Defendant's lien has no validity.

## CLAIM II – QUIET TITLE

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of this complaint.

The Defendant's purported lien has no validity because the Defendant has no right, title or interest in the subject promissory note and/or deed of trust, nor does Defendant have agency authority from on with right, title or interest in said Deed of Trust.

Wherefore, Plaintiff requests the Court quiet title to the Property as to the Defendant named herein.

February 16, 2011

_____
Michael R. Berube, Debtor

COMPLAINT TO DETERMINE VALIDITY OF LIEN                             7