JOHN M. SORICH (CA Bar No.125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
LAUREN M. TAKOS (CA Bar No. 255164)
ltakos@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
US BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPM ALT 2007-A2

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL R. BERUBE,<br><br>Debtor.<br><br>MICHAEL R. BERUBE,<br><br>Plaintiff,<br><br>v.<br><br>US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR JPM ALT 2007-A2<br><br>Defendants. | Case No.: 09-54715-ASW-11<br><br>**Adversary Case No.:** 11-05054 ASW<br><br>(Chapter 11)<br><br>JUDGE: Arthur S. Weissbrodt<br><br>**MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 26, 2011<br>Time: 3:00 p.m.<br>Crtrm: 3020 |

**TO THE HONORABLE ARTHUR S. WEISSBODT, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on April 26, 2011 at 3:00 p.m. or as soon thereafter as this matter may be heard in Courtroom "3020" of the above-entitled Court, the Honorable Arthur S. Weissbrodt, United States Bankruptcy Judge, presiding, defendant US Bank National Association, as Trustee for JPM ALT 2007-A2 ("USBank"), will move this Court to dismiss the entire complaint

1
NOTICE OF MOTION AND MOTION TO DISMISS

("Complaint") of plaintiff Michael R. Berube ("Plaintiff") pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure ("FRCP") for failure to state a claim. Specifically, Defendant will move the Court as follows:

1. To dismiss the first claim for "Declaratory Relief" on the grounds that it fails to state a claim pursuant to FRCP 12(b)(6).

2. To dismiss the second claim for "Quiet Title" on the grounds that it fails to state a claim pursuant to FRCP 12(b)(6).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: March 21, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ S. CHRISTOPHER YOO
JOHN M. SORICH
S. CHRISTOPHER YOO
LAUREN M. TAKOS
Attorneys for Defendant
US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR JPM ALT 2007-A2

## TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | SUMMARY OF RELEVANT FACTS | 2 |
| III. | STANDARD FOR A MOTION TO DISMISS | 2 |
| IV. | PLAINTIFF'S CLAIM FOR "DECLARATORY RELIEF" FAILS | 3 |
| V. | PLAINTIFF'S CLAIM TO "QUIET TITLE" FAILS | 6 |
| VI. | CONCLUSION | 7 |

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

i
MOTION TO DISMISS ADVERSARY COMPLAINT

# TABLE OF AUTHORITIES

Page

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937)...... 3

*American States Ins. Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994) ............................................ 3

*Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984) ........................................ 6

*Bachis v. State Farm Mutual Auto. Ins. Co.*, 265 Cal.App.2d 722 (1968) .......................................... 4

*Bachis*, 265 Cal.App.2d 726-728 (1968) ............................................................................................ 4

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) .......................................................... 3

*Benham v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 78384, *14 (N.D.Cal. Sept. 1, 2009) ........... 4

*Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) ............................................................................... 3

*Castaneda v. Saxon Mortg. Servs.* 2009 U.S. Dist. LEXIS 119241, *4 n. 3 (E.D.Cal. Dec. 2, 2009) . 4

Fed. R. Civ. Proc. 57.............................................................................................................................. 5

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 ................................................................................... 3

*In Johnson v. Washington Mut.* 2010 WL 682456, Pg. 8 (E.D.Cal.) (E.D.Cal.,2010) ........................ 4

*Kroeker v. Hulbert*, 38 Cal.2d 261 (1940) ........................................................................................... 6

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ................................................... 3

*Moss Estate Co. v. Adler*, 41 Cal.2d 581 (1953) ................................................................................. 6

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1188-90 (N.D.Cal.2009). .............. 4

*Rincon v. Recontrust Co., et al.*, 2009 WL 2407396, *6. ..................................................................... 5

*Sly v. Abbott*, 89 Cal.App. 209, 216 (1928) ........................................................................................ 6

*StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006)." ................ 5

*Swanson v. EMC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 107912, *26-*27 (E.D.Cal. Oct. 29, 2009) . 4

**Statutes**

28 U.S.C. § 2201................................................................................................................................... 3

Civ. Proc. § 1061 .................................................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant US Bank, National Association, as Trustee for JPM ALT 2007-A2, ("USBank" and "Defendant") submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the complaint ("Complaint") of plaintiff Michael R. Berube ("Plaintiff").

## I. SUMMARY OF ARGUMENT

Initially it should be noted that this is Plaintiff's second attempt to state a claim against USBank. Indeed, on or about April 22, 2009 Plaintiff filed his initial complaint against USBank in the Monterey Superior Court Case Number, M98472. After USBank's demurrer to the complaint was filed, Plaintiff filed a dismissal of the case without prejudice on or about September 30, 2009. A copy of the Dismissal is included in the Request for Judicial Notice ("RJN").

Plaintiffs' two claims for declaratory relief and quiet title against USBank are based on the flawed contentions that 1) the original lender of the loan Alliance Bancorp, was unauthorized to assign Plaintiffs' loan and 2) that USBank's foreclosure activities are unauthorized based on the allegation that Plaintiffs' loan was "reconveyed". As described in detail below, all of Plaintiff's claims fail. Initially, despite the fact that Plaintiff fails to recognize that assignments can still occur despite the bankruptcy status of an entity, (here Alliance Bancorp), in this case, Plaintiff completely disregards the fact that Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary of his mortgage loan, and as the beneficiary, MERS was authorized to assign the rights under the loan to USBank. Finally, with regard to the claim that Plaintiff's loan was "reconveyed", the recorded instruments indicate that a different deed of trust attached to a different loan was reconveyed—not the loan subject to this action. Plaintiff's claims arise out of the foreclosure proceedings in connection with the property located at 122 Carmel Riviera Drive, Carmel, California 93923. ("Subject Property"). Plaintiff obtained a mortgage loan in the amount of $1,000,000.00 in connection with the Subject Property which was secured by a deed of trust that was recorded with the Monterey County Recorder's Office on January 25, 2007 as instrument number 2007006824. Plaintiff defaulted on the loan, and now in an attempt to stall valid foreclosure proceedings, Plaintiff relies on the two flawed arguments referenced above. Contrary to Plaintiff's beliefs, MERS, as the beneficiary was authorized to assign Plaintiff's loan to USBank, and the recorded reconveyance does not apply to the subject loan

and subject deed of trust. Accordingly, the motion to dismiss must be granted in its entirety without leave to amend.

## II. SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- Plaintiff obtained a mortgage loan in the sum of $1,000.000.00 ("Loan") secured by a deed of trust ("DOT") encumbering the property located at 122 Carmel Riviera Drive, Carmel, California 93923 (previously defined as "Subject Property"). The DOT was recorded on January 25, 2007, with the Monterey County Official Records as instrument number 2007006824. The DOT identifies Alliance Bancorp as the lender, MERS as the beneficiary, Alliance Title as the trustee and Plaintiff as the borrower. *See* Request for Judicial Notice ("RJN"), Exhibit 1.

- A Substitution of Trustee in connection with the DOT was recorded on or around December 19, 2007 with the Monterey County Official Records as instrument number 2007-93819. First American Loanstar Trustee Servicers was substituted as the new trustee. *See*, RJN, Exhibit 2.

- An Assignment of Deed of Trust in connection with the DOT was recorded on or around December 28, 2007 with the Monterey County Official Records as instrument number 2007095756. US Bank, National Association as Trustee for JPM ALT 2007-A2 was assigned all beneficial interest in the loan. *See*, RJN, Exhibit 3.

- An Assignment of Deed of Trust in connection with the DOT was recorded on or about December 31, 2007 with the Monterey County Official Records as instrument number 2007096186. US Bank, National Association as Trustee for JPM ALT 2007-A2 was assigned all beneficial interest in the loan. *See*, RJN, Exhibit 4.

- A Full Reconveyance <u>not in connection with the DOT</u>, was recorded applicable to a deed of trust recorded with the Monterey County Official Records as instrument number 200700625 on November 17, 2008 with the Monterey County Official Records as instrument number 2008074892. This deed of trust is not the same deed of trust as the one securing the mortgage loan referenced as Exhibit 1. *See*, RJN, Exhibit 5.

- The Request for Dismissal without prejudice filed by Plaintiff with regard to case number M98472 on September 30, 2009. *See*, RJN, Exhibit 6.

## III. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure ("FRBP") tests the legal sufficiency of the claim alleged in the complaint. Thus, a motion to dismiss under may be brought where a plaintiff fails to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). The "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV. PLAINTIFF'S CLAIM FOR "DECLARATORY RELIEF" FAILS

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994). As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).

The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

Moreover, California state law is in accord. The court can refuse to issue a judicial declaration in a case in which a judicial determination or declaration is not necessary or proper. Code of Civil Procedure § 1061. It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating *future* rights and liabilities between parties. See *Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) [Emphasis added]; *Bachis v. State Farm Mutual Auto. Ins. Co.,* 265

Cal.App.2d 722 (1968). Moreover, where the "rights of the complaining party have crystallized into a cause of action for past wrongs," a decision to sustain a demurrer to a cause of action for declaratory relief will be upheld. *See id.* at 397-398; *see also Bachis,* 265 Cal.App.2d 726-728 (1968).

In that regard, Plaintiff's cause of action for declaratory relief is predicated on the allegation that none of the recorded activities (the assignment, the substitution and the recording of the notice of default) were valid since all of the "activities" took place while the original lender of the loan, Alliance Title was in bankruptcy. Plaintiff further relies on the recorded reconveyance, which is inapplicable to the subject loan and subject deed of trust, and erroneously states that "said, document, if valid, would have the effect of extinguishing any interest that might be held by the Alliance Bancorp…" *See* Complaint, pages 3-6.

Here, the very bases of Plaintiff's declaratory relief claim are in error. As the deed of trust indicates, MERS was the original beneficiary of the loan. *See,* RJN, Exhibit 1. Plaintiff's allegations that Alliance Bancorp could not have assigned the loan, is patently false since MERS, as the beneficiary of the loan, was authorized to assign the loan to USBank. Numerous California courts, both state and federal, have affirmed MERS authority to serve as beneficiary and initiate non-judicial foreclosure proceedings. *In Johnson v. Washington Mut.* 2010 WL 682456, Pg. 8 (E.D.Cal.) (E.D.Cal.,2010), the Court noted that plaintiff's contention pertaining to the alleged misrepresentations made by MERS that it had the ability to transfer and assign interest fail since "Courts have rejected arguments that MERS lacks the ability to transfer and assign." *Id.* citing *Castaneda v. Saxon Mortg. Servs.* 2009 U.S. Dist. LEXIS 119241, *4 n. 3 (E.D.Cal. Dec. 2, 2009); *Swanson v. EMC Mortg. Corp.,* 2009 U.S. Dist. LEXIS 107912, *26-*27 (E.D.Cal. Oct. 29, 2009)(holding that MERS correctly notes that as a deed of trust beneficiary, MERS is empowered to commence foreclosure proceedings); *Benham v. Aurora Loan Servs.,* 2009 U.S. Dist. LEXIS 78384, *14 (N.D.Cal. Sept. 1, 2009); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1188-90 (N.D.Cal.2009). Similarly, another court pointed out that "[u]nder the mortgage contract, MERS has the legal right to foreclose on the debtor's property.... MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf." *Morgera v.*

*Countrywide Home Loans, Inc.* E.D .Cal., Jan. 11, 2010, No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. Lexis 2037, *22, citation omitted; *Gomes v. Countrywide Home Loans,* February 18, 2011, WL 566737.

Plaintiff hides behind the argument that MERS was simply the "nominee for the lender" and since MERS is not named as payee on the loan, MERS had no authority to assign the loan or initiate foreclosure proceedings. As the case law reveals above, the assignment from MERS to USBank was valid, and as such, any foreclosure activities, namely the notice of default, is also valid.

Finally, Plaintiff's argument that the recorded reconveyance "extinguishes" the loan and deed of trust is nonsensical, since as the recorded reconveyance indicates, the loan that was reconveyed applies to a deed of trust with the instrument number, 2007006**25**. *See,* RJN, Exhibit 5. Here, the deed of trust which was recorded in connection with the subject loan has the instrument number of instrument number 2007006**24**. *See,* RJN, Exhibit 1, compare with RJN, Exhibit 5.

Therefore, while USBank does not dispute that a reconveyance has been recorded, what Plaintiff fails to recognize is that the reconveyance *does not apply to the loan and deed of trust subject to the litigation.*

By seeking a judicial declaration that "Defendant did not and does not have the right to pursue a claim under the Note and Deed of Trust...because Defendant's security interest is void" Plaintiff is merely seeking to invalidate the previously recorded NOD against the Subject Property. Indeed, by Plaintiff's own allegations, the wrongdoing alleged in the Complaint, namely, the Assignment of Deed of Trust, Substitution of Trustee, and the recordation of the Notice of Default, *already occurred.* As such, declaratory relief claim is unnecessary and improper because Plaintiff seeks an adjudication of "a cause of action for past wrongs," rather than to define the future conduct of the parties.

Additionally, the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. Fed. R. Civ. Proc. 57. "The availability of other adequate remedies may make declaratory relief inappropriate [.]" *StreamCast Networks, Inc. v. IBIS LLC,* 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006); *see also, Rincon v. Recontrust Co., et al.,* 2009 WL 2407396, *6. It is clear from the Complaint that Plaintiff's declaratory relief clam is

duplicative of other claim for quiet title as alleged in the Complaint. Plaintiff seeks a judicial declaration as to the validity of the loan transactions in light of alleged wrongful acts on the part of USBank and USBank's authority to proceed with foreclosure proceedings. Consequently, declaratory judgment will not resolve any issues outside of those already being addressed by substantive claims.

Based on the foregoing, declaratory relief is inappropriate and subject to dismissal.

## V. PLAINTIFF'S CLAIM TO "QUIET TITLE" FAILS

In order to successfully allege a cause of action to quiet title, a complaint must be verified and allege: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. § 761.020.

Here, Plaintiff bases his quiet title claim on the same arguments in support of the declaratory relief claim. *See* Complaint, p. 7. Specifically, Plaintiff states, "the Defendant's purported lien has no validity because the Defendant has no right, title, or interest in the subject promissory note and/or deed of trust..." *See, Id.* However, as reiterated throughout this Motion, Plaintiff has set forth no meritorious basis to render the DOT invalid. Plaintiff must allege facts affecting the invalidity of the instrument. *See, Moss Estate Co. v. Adler,* 41 Cal.2d 581 (1953); *Kroeker v. Hulbert,* 38 Cal.2d 261 (1940) ("In actions to cancel a certain instrument it is ... essential to allege the facts affecting the validity and invalidity of the instrument which is attacked"); *Sly v. Abbott,* 89 Cal.App. 209, 216 (1928) ("[I]t is well settled that one who relies upon estoppel or other facts of equitable cognizance as a basis for a decree quieting title must allege such facts in his pleading"). Since Plaintiff fails to set forth any valid basis to invalidate the Loan or DOT, Plaintiff, in turn, cannot state a claim to quiet title on this ground.

Finally, under California law, a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed. *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578 (1984). Similarly, Plaintiff should be required to tender the amount of the unpaid debt under the Loan. Plaintiff has not alleged tender and for that reason, the

6
MOTION TO DISMISS ADVERSARY COMPLAINT

claim for quiet title fails.

Based on the foregoing, Plaintiff's claim to quiet title fails and Plaintiff's claim is subject to dismissal.

## VI. CONCLUSION

For the foregoing reasons, USBank respectfully requests that the Court grant the Motion to Dismiss without leave to amend as to all causes of action.

DATED: March 21, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ S. CHRISTOPHER YOO
JOHN M. SORICH
S. CHRISTOPHER YOO
LAUREN M. TAKOS
Attorneys for Defendant
US BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPM ALT 2007-A2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

Berube v. U.S. National Association, et al.
U.S. Bankruptcy Case No.: 09-54715 ASW-11
Adversary Case No.: 11-05054 ASW

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707.**

On March 21, 2011, I served the foregoing document described as **MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 21, 2011, at Santa Ana, California.

_____
JOYCE M. YOUNG

**SERVICE LIST**
Berube v. U.S. National Association, et al.
Adversary Case No.: 11-05054 ASW

Michael R. Berube
P.O. Box 356
Carmel Valley, CA 93924                     Pro Se.

U.S. Trustee
Office of the U.S. Trustee
U.S. Federal Building
280 S. 1st St. #268                          U.S. Trustee
San Jose, CA 95113-3004

PROOF OF SERVICE

Case: 11-05054    Doc# 7    Filed: 03/21/11    Entered: 03/21/11 18:39:05    Page 13 of 13