JOHN M. SORICH (CA Bar No.125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
LAUREN M. TAKOS (CA Bar No. 255164)
ltakos@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
US BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPM ALT 2007-A2

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL R. BERUBE,<br><br>Debtor.<br><br>MICHAEL R. BERUBE,<br><br>Plaintiff,<br><br>v.<br><br>US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR JPM ALT 2007-A2<br><br>Defendants. | Case No.: 09-54715-ASW-11<br><br>**Adversary Case No.:** 11-05054 ASW<br><br>(Chapter 11)<br><br>JUDGE: Arthur S. Weissbrodt<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT**<br><br>Date: April 26, 2011<br>Time: 3:00 p.m.<br>Crtrm: 3020 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant US Bank, National Association, as Trustee for JPM ALT 2007-A2, ("USBank" and "Defendant") submits the following Reply to the Opposition to Defendant's Motion to Dismiss the Adversary Complaint of plaintiff Michael R. Berube ("Plaintiff").

1

REPLY TO OPPOSITION MOTION TO DISMISS ADVERSARY COMPLAINT

## I. SUMMARY OF ARGUMENT

Despite Plaintiff's Opposition, Plaintiff still fails to state a claim against Defendant. Specifically, Plaintiff still relies on the argument that when the original lender of Plaintiff's Loan Alliance Bancorp filed for bankruptcy, the assignment and subsequent recording of the Notice of Default was invalid. Plaintiff fails to address any of the pleading deficiencies set forth in Defendant's Motion. Further, Plaintiff erroneously states that Defendant's discovery responses are "overdue" when this Court, on March 29, 2011 deemed the discovery served on Defendant via mail as a result of the denial of the Motion to Compel. Additionally, Plaintiff's insistence that "the alleged subject Deed of Trust was ever reconveyed and the Defendant is misleading the Court" is in complete contradiction to Plaintiff's allegations set forth in the Complaint. *See,* Complaint, ¶ 10. As described in detail below, Plaintiff's Opposition fails to cure the deficiencies of the Complaint and as such, Defendants' Motion to Dismiss should be granted without leave to amend.

## II. PLAINTIFF'S CLAIM FOR "DECLARATORY RELIEF" STILL FAILS

Plaintiff's cause of action for declaratory relief is still predicated on the allegation that none of the recorded activities (the assignment, the substitution and the recording of the notice of default) were valid since all of the "activities" took place while the original lender of the loan, Alliance Title was in bankruptcy. *See,* Opposition. In the Opposition, Plaintiff denies relying on the recorded reconveyance (*See,* Opposition, p. 3); however, in the Complaint Plaintiff states that "said, document, if valid, would have the effect of extinguishing any interest that might be held by the Alliance Bancorp…" *See* Complaint, pages 3-6.

Here, the very bases of Plaintiff's declaratory relief claim are still in error. As the deed of trust indicates, MERS was the original beneficiary of the loan. *See,* RJN, Exhibit 1. Plaintiff's allegations that Alliance Bancorp could not have assigned the loan, is patently false since MERS, as the beneficiary of the loan, was authorized to assign the loan to USBank. Numerous California courts, both state and federal, have affirmed MERS authority to serve as beneficiary and initiate non-judicial foreclosure proceedings. *In Johnson v. Washington Mut.* 2010 WL 682456, Pg. 8 (E.D.Cal.) (E.D.Cal.,2010), the Court noted that plaintiff's contention pertaining to the alleged misrepresentations made by MERS that it had the ability to transfer and assign interest fail since
AlvaradoSmith
Attorneys At Law
Santa Ana

"Courts have rejected arguments that MERS lacks the ability to transfer and assign." *Id.* citing *Castaneda v. Saxon Mortg. Servs.* 2009 U.S. Dist. LEXIS 119241, *4 n. 3 (E.D.Cal. Dec. 2, 2009); *Swanson v. EMC Mortg. Corp.,* 2009 U.S. Dist. LEXIS 107912, *26-*27 (E.D.Cal. Oct. 29, 2009)(holding that MERS correctly notes that as a deed of trust beneficiary, MERS is empowered to commence foreclosure proceedings); *Benham v. Aurora Loan Servs.,* 2009 U.S. Dist. LEXIS 78384, *14 (N.D.Cal. Sept. 1, 2009); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1188-90 (N.D.Cal.2009). Similarly, another court pointed out that "[u]nder the mortgage contract, MERS has the legal right to foreclose on the debtor's property.... MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf." *Morgera v. Countrywide Home Loans, Inc.* E.D .Cal., Jan. 11, 2010, No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. Lexis 2037, *22, citation omitted; *Gomes v. Countrywide Home Loans,* February 18, 2011, WL 566737.

Plaintiff hides behind the argument that MERS was simply the "nominee for the lender" and since MERS is not named as payee on the loan, MERS had no authority to assign the loan or initiate foreclosure proceedings. As the case law reveals above, the assignment from MERS to USBank was valid, and as such, any foreclosure activities, namely the notice of default, is also valid.

Finally, whether or not Plaintiff wants to rely on the recorded reconveyance for the argument that the reconveyance "extinguishes" the loan and deed of trust, it bears repeating that the loan that was reconveyed applies to a deed of trust with the instrument number, 200700682<u>5</u>. *See,* RJN, Exhibit 5. Here, the deed of trust which was recorded in connection with the subject loan has the instrument number of instrument number 200700682<u>4</u>. *See,* RJN, Exhibit 1, compare with RJN, Exhibit 5. Therefore, while USBank does not dispute that a reconveyance has been recorded, what Plaintiff fails to recognize is that the reconveyance *does not apply to the loan and deed of trust subject to the litigation.*

By seeking a judicial declaration that "Defendant did not and does not have the right to pursue a claim under the Note and Deed of Trust…because Defendant's security interest is void" Plaintiff is merely seeking to invalidate the previously recorded NOD against the Subject Property. Indeed, by Plaintiff's own allegations, the wrongdoing alleged in the Complaint, namely, the

Assignment of Deed of Trust, Substitution of Trustee, and the recordation of the Notice of Default, *already occurred*. As such, declaratory relief claim is unnecessary and improper because Plaintiff seeks an adjudication of "a cause of action for past wrongs," rather than to define the future conduct of the parties.

Based on the foregoing, declaratory relief is inappropriate and subject to dismissal.

### III. PLAINTIFF'S CLAIM TO "QUIET TITLE" STILL FAILS

Here, Plaintiff bases his quiet title claim on the same arguments in support of the declaratory relief claim. *See* Complaint, p. 7. Specifically, Plaintiff states, "the Defendant's purported lien has no validity because the Defendant has no right, title, or interest in the subject promissory note and/or deed of trust…" *See,* Id. However, as reiterated throughout this Motion, Plaintiff has set forth no meritorious basis to render the DOT invalid. Plaintiff must allege facts affecting the invalidity of the instrument. *See, Moss Estate Co. v. Adler,* 41 Cal.2d 581 (1953); *Kroeker v. Hulbert*, 38 Cal.2d 261 (1940) ("In actions to cancel a certain instrument it is … essential to allege the facts affecting the validity and invalidity of the instrument which is attacked"); *Sly v. Abbott,* 89 Cal.App. 209, 216 (1928) ("[I]t is well settled that one who relies upon estoppel or other facts of equitable cognizance as a basis for a decree quieting title must allege such facts in his pleading"). Since Plaintiff fails to set forth any valid basis to invalidate the Loan or DOT, Plaintiff, in turn, cannot state a claim to quiet title on this ground.

Finally, under California law, a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed. *Arnolds Management Corp. v. Eischen,* 158 Cal.App.3d 575, 578 (1984). Similarly, Plaintiff should be required to tender the amount of the unpaid debt under the Loan. Plaintiff has not alleged tender and for that reason, the claim for quiet title fails.

Based on the foregoing, Plaintiff's claim to quiet title fails and Plaintiff's claim is subject to dismissal.

///

///

///

4
REPLY TO OPPOSITION MOTION TO DISMISS ADVERSARY COMPLAINT
11843732
Case: 11-05054   Doc# 13   Filed: 04/19/11   Entered: 04/19/11 15:32:50   Page 4 of 7

## IV. CONCLUSION

For the foregoing reasons, USBank respectfully requests that the Court grant the Motion to Dismiss without leave to amend as to all causes of action.

DATED: March 21, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ S. CHRISTOPHER YOO
JOHN M. SORICH
S. CHRISTOPHER YOO
LAUREN M. TAKOS
Attorneys for Defendant
US BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR JPM ALT 2007-A2

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

Berube v. US Bank Nation Association, et al..
USBK Case No.: 09-54715 ASW-11
Adversary No.: 11-05454 ASW

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707.**

On April 19, 2011, I served the foregoing document described as **REPLY TO MOTION TO DISMISS ADVERSARY COMPLAINT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 19, 2011, at Santa Ana, California.

JOYCE M. YOUNG

PROOF OF SERVICE

# SERVICE LIST
Berube v. US Bank Nation Association, et al..
Adversary No.: 11-05454 ASW

VIA OVERNIGHT EXPRESS  
Michael R. Berube  
122 Carmel Riviera Drive  
Carmel, California 93923

(T) (831) 392-7975

Plaintiff In Pro Se

VIA FIRST CLASS MAIL  
Michael R. Berube  
P.O. Box 356  
Carmel Valley, CA 93924

(T) (831) 392-7975

Plaintiff In Pro Se